No search warrant for appellant's room was offered in evidence.

The state called the landlady as a witness and she testified without objection that she unlocked the door to appellant's room and was present during the search of the room by the detectives and that she saw the marihuana which they found in the room.

If appellant's contention that the officers did not have a valid search warrant be sound, it still appears that the landlady testified without objection as to the search of appellant's room and the marihuana found therein.

It is well settled that the erroneous admission of testimony is not cause for reversal if the same facts are proven by other testimony not objected to. Hence no reversible error is shown. 4 Tex.Jur. 589, Sec. 414; Machado v. State, 112 Tex.Cr.R. 538, 17 S.W.2d 1060; Sparkman v. State, 128 Tex.Cr.R. 627, 82 S.W.2d 972; Manos v. State, 134 Tex.Cr.R. 234, 115 S.W.2d 655; Wilson v. State, 140 Tex.Cr.R. 509, 145 S.W.2d 598.

The judgment is affirmed.

Opinion approved by the court.

**Kearby Jerome BEALE, Appellant,**

v.

**The STATE of Texas (three cases).**

**Nos. 28342–28344.**

Court of Criminal Appeals of Texas.

May 2, 1956.

Charles E. Tobin, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is the unlawful possession of narcotic drug; the punishment, 3 years.

Accompanying the record is an affidavit in proper form executed by the appellant requesting the dismissal of the appeal.

The request is granted, and the appeal is dismissed.